549 A.2d 980

**COMMONWEALTH of Pennsylvania**

v.

**Ramiro ZAMARRIPA, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1987.

Filed Oct. 25, 1988.

Taylor P. Andrews, Public Defender, Carlisle, for appellant.

Merle L. Ebert, Jr., Assistant District Attorney, Carlisle, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This appeal follows Appellant's judgment of sentence on two counts of rape and two counts of indecent assault. While Appellant has raised three issues for review, we find that a new trial is required on one of these issues and therefore reverse. We find that error was committed when the Commonwealth was permitted to introduce a psychologist's testimony pertaining to rape trauma syndrome.

The victim in this case was a 21 year old woman suffering from cerebral palsy with an I.Q. of 61, which would classify her as educable mentally retarded. The Appellant admitted at trial that he had intercourse with the victim on two occasions, but claimed the victim was the sexually aggressive partner. At the time of the trial, the prosecution called Dr. Natale S. Berger, a licensed psychologist, who testified that the complainant suffered rape trauma syndrome. The Appellant argues that this testimony was inadmissible since

it was being introduced for the purpose of proving that the victim did not consent to the sexual encounters. We agree and reverse.

In this case, the issue before the jury is whether the victim consented to the relationship. This issue is clearly framed and is one of credibility for the jury. Recently, the Pennsylvania Supreme Court in *Commonwealth v. Gallagher*, 519 Pa. 291, 547 A.2d 355 (1988) overruled this court's decision and held that where an expert's opinion of rape trauma syndrome is offered "to *enhance the credibility* of the victim" it is inadmissible. *Id.* (519 Pa. at 297, 547 A.2d at 358). Therefore, we hold that the introduction of opinion evidence of rape trauma syndrome to establish lack of consent is improper. Where the accused and complaining witness are at odds over the question of whether or not the relationship was consensual the issue is one for the jury to resolve. As the Supreme Court stated in *Commonwealth v. Davis*, 518 Pa. 77, 82, 541 A.2d 315, 317 (1988):

> We note [ ] that the veracity of a particular witness is a question which must be answered in reliance on the ordinary experience of life, common knowledge of the natural tendencies of human nature, and observations of the character and demeanor of the witness. As the phenomenon of lying is within the ordinary capacity of jurors to assess, the question of a witness credibility is reserved exclusively for the jury ... The [expert testimony] in *Seese* was condemned as 'an invitation for the trier of fact to abdicate its responsibility to ascertain the facts relying upon the questionable premise that the expert is in a better position to make such a judgment.'

The Supreme Court pointed out in *Davis* that expert testimony is not admissible to support the credibility of a witness. *See also: Commonwealth v. Rounds*, 518 Pa. 204, 542 A.2d 997 (1988); *Commonwealth v. Seese*, 512 Pa. 439, 517 A.2d 920 (1986); *Commonwealth v. McNeely*, 368 Pa.Super. 517, 534 A.2d 778 (1987). Also, in *People v. Bledsoe*, 36 Cal.3d 236, 203 Cal.Rptr. 450, 681 P.2d 291

(1984), the California Supreme Court outlined the history, purpose and nature of the rape trauma syndrome concept:

[U]nlike finger prints, blood tests, lie detector tests, voice prints or the battered child syndrome, the rape trauma syndrome was not devised to determine the 'truth' or the 'accuracy' of a particular past event—i.e. whether a rape in the legal sense occurred—but rather was developed by rape counselors as a therapeutic tool, to help identify, predict and treat emotional problems experienced by the counselor's possessive clients or patients.

\* \* \* \* \* \*

Because it was developed for an entirely different purpose than, for example, the battered child syndrome, rape trauma syndrome represents a distinctly different concept than a battered child diagnosis. [ ] It does not consist of a relatively narrow set of criteria or symptoms whose presence demonstrates that the client or patient has been raped; rather, as the counselor in this case testified, it is an 'umbrella' concept, reflecting the broad range of emotional trauma experienced by clients of rape counselors.

*Id.* at 681 P.2d 291 at 300–301.

In *Bledsoe,* the prosecution introduced testimony by an expert witness who stated that the complainant was suffering from rape trauma syndrome. Disagreeing with the trial court's decision to admit this testimony, the California Supreme Court held that such testimony was inadmissible by virtue of the fact that rape trauma syndrome is not relied on in the general scientific community for the purposes of establishing whether or not a rape occurred. *Id.* at 250, 203 Cal.Rptr. 450 at 459, 681 P.2d 291 at 301. *See: People v. Pullins,* 145 Mich.App. 414, 378 N.W.2d 502 (1985) (following the reasoning employed in *Bledsoe*).

The rationale espoused in *Bledsoe* and *Gallagher* is quite convincing. Although the dynamics of rape trauma syndrome are in no way indicative of whether or not a rape has been committed, where an expert testifies that a complainant exhibits some of the symptoms of the syndrome, the

212

suggestion is planted within the jurors minds that the complainant's testimony is reliable and trustworthy. Thus, the jury would ultimately permit its fact finding and credibility weighing-functions to become supplemented by the observations of an expert witness. Instantly, Dr. Berger's testimony worked only to bolster the credibility of the complainant's versions of the facts. Even though the jury members were instructed that they were free to disbelieve Dr. Berger's testimony, by its very admission, the invitation to believe the witnesses' testimony was so overwhelming that a new trial is required. Where expert testimony is being afforded solely to bolster the complainant's credibility before the factfinder, it is inadmissible.

Judgment of sentence vacated, case remanded for a new trial consistent with this opinion. Jurisdiction relinquished.