560 A.2d 155

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Carl Edwin McILVAINE.**

**COMMONWEALTH of Pennsylvania**

**v.**

**Carl Edwin McILVAINE, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1989.

Filed May 17, 1989.

Reargument Denied June 26, 1989.

Bradley M. Bassi, Assistant District Attorney, for Com., appellant in No. 1035 and appellee in No. 1036.

Bruce A. Antkowiak, Greensburg, for appellee in No. 1035 and appellant in No. 1036.

Before ROWLEY, KELLY and HESTER, JJ.

ROWLEY, Judge:

Once again this Court is confronted with the question of whether an expert witness, called by the Commonwealth in a sexual assault case, improperly encroached upon the fact-finding role of the jury by commenting upon the veracity of the victim/witness. Defendant, a neighbor of the victim's grandmother, was found guilty by a jury of Rape, Involuntary Deviate Sexual Intercourse ("IDSI"), Statutory Rape, Indecent Assault and Corrupting the Morals of a Minor. In cross-appeals now before this Court, the Commonwealth appeals the granting of a new trial, while defen-

dant appeals the denial of his motion in arrest of judgment. We reverse in part and affirm in part.

## COMMONWEALTH'S APPEAL

■ We first address the Commonwealth's appeal. The trial court granted defendant a new trial on the basis that testimony given by a clinical psychiatric social worker, Michael Weller, contained an impermissible reference to the "reliability" of information given to him by children he interviewed in his employment capacity. The court held that "[t]his is the same kind of testimony which is condemned in [*Commonwealth v. Seese*, 512 Pa. 439, 517 A.2d 920 (1986)] as a usurpation of the jury's function to pass on credibility of a witness." Slip op. at 6.

Our standard of review is well-settled: A trial court's grant of a motion for a new trial will not be overturned absent a palpable and clear abuse of discretion or an error of law which controlled the outcome of the case. *Westinghouse Elevator Co. v. Herron*, 514 Pa. 252, 523 A.2d 723 (1987). For reasons which follow, we hold that the testimony of Michael Weller did not usurp the jury's function as fact-finder.

At trial Dr. Gwendolyn Ross, a psychiatrist specializing in child adolescent psychology, was called by the Commonwealth and testified that the victim was a patient at Southwood Psychiatric Hospital for a six week period following the attacks. The victim had been referred to the hospital for treatment of severe depression, suicidal thoughts and self-abusiveness. Dr. Ross testified that the victim received cognitive and milieu therapy at Southwood.

Following Dr. Ross' testimony, the Commonwealth called Michael Weller to the stand. Weller joined Southwood Hospital in 1985 to practice family therapy with the Children's Unit. He testified that from 1985 until 1987 he was "a clinical psychiatric social worker ... on the children's program, doing family therapy with the children on that program." N.T. at 217. The Assistant District Attorney asked Weller if he had dealt with sexually abused children

at Southwood. Weller responded that at previous employment in West Virginia, twenty to thirty percent of the children with whom he worked were sexual abuse victims. At Southwood, fifteen to twenty percent of the children were identified as having been sexually abused, although as treatment programs progressed, the workers learned the actual rate was somewhat higher.

The testimony to which the defense ultimately objected centered on Weller's description of his duties at Southwood. Weller testified:

I begin interviewing the family for past history, first starting with presenting problems, with the things that have led them and the child in coming to the hospital, and also looking at any past episodes, experiences or traumas that the child may have gone through. Part of that work is to interview extensively the family, and also the child, to pick up and see if there are any discrepancies in terms of what either of them are saying, and also to determine reliability of the information that's being provided to me.

N.T. at 223–24. As Mr. Weller continued describing his duties, the testimony of which defendant complained came out:

So, as a part of that function, in addition to getting the history from the family, *I also talk to the child to either confirm or deny what the adults are telling me,* and I have found, within the practice, *at least the children I'm working with right now, have a fairly high reliability of the information—*

N.T. at 224. Defense counsel immediately moved for a mistrial on the basis that the statement that the children interviewed were of fairly high reliability is disallowed by *Commonwealth v. Seese, supra.* The Assistant District Attorney argued that the statement was cut off and, consequently, "he has not testified specifically about the child or about anything that he has done in this particular case." N.T. at 226. The trial court did not grant a mistrial. At the post-trial motions stage, however, a new trial was granted on the basis of the Supreme Court's ruling in *Seese.*

In *Seese* the Commonwealth's expert witness, a board certified pediatrician who had treated between 360 and 400 cases of sexual abuse, testified that in her experience, young children do not fabricate stories of sexual abuse because they do not have the necessary sexual knowledge to supply details regarding such encounters. Our Supreme Court found that such testimony "consisted of expert opinion as to the veracity of the class of potential witnesses of which the victim was a member." *Seese*, 512 Pa. at 442, 517 A.2d at 922. The Court held "it was error to admit expert testimony as to the credibility of children who are of an age similar to that of the prosecution's chief witness, the crime victim." *Id.*, 512 Pa. at 444, 517 A.2d at 920.

The Supreme Court re-examined this issue in *Commonwealth v. Davis*, 518 Pa. 77, 541 A.2d 315 (1988). There a clinical child psychologist who had not examined the victim, called as an expert in the treatment of child sexual abuse, testified: "My experience with children who have had some type of sexual experiences when they report about it, typically it is based upon some event that actually occurred and not some fantasized or fabricated experience." *Id.*, 518 Pa. at 80, 541 A.2d at 316. The Court found that the prohibition of *Seese* applied squarely to the testimony given in *Davis*, as well. The Court reiterated that

> [s]uch testimony, admitted as evidence, would encourage jurors to shift their focus from determining the credibility of the *particular* witness who testified at trial, allowing them instead to defer to the so-called "expert" assessment of the truthfulness of the class of people of which the particular witness is a member.

*Davis*, 518 Pa. at 82, 541 A.2d at 317, *quoting Commonwealth v. Seese*, 512 Pa. at 443–44, 517 A.2d at 922.

We hold that the case at bar is distinguishable from *Seese* and *Davis*. While *Seese* and *Davis* clearly prohibit an assessment by an expert of the *truthfulness* or *veracity* "of the class of people of which the particular witness is a member," Weller made no such judgment of credibility in the case at bar. Weller testified that he interviews the

families of Southwood patients for: 1) events which led the child to the hospital; and 2) "any past episodes, experiences or traumas." He then interviews the children to confirm or deny what the adults have said. In stating that there is a high correlation of reliability between what the children and adults have said, Weller merely noted that the reasons for why a child entered the hospital tend to match.

In the case at bar, the grandmother's testimony clearly established that her only knowledge of the attacks was based upon what the victim had told her. Thus, even if the jury inferred from Weller's comment that the grandmother's story as told to him matched that of the victim, the underlying credibility of the victim was still at issue and properly was left for determination by the jury. This sets the case apart from the multitude of decisions following *Seese* and *Davis.*

In the recent case of *Commonwealth v. Emge,* 381 Pa.Super. 139, 553 A.2d 74 (1988) an expert "was permitted to testify that the emotional difficulties which the alleged victim experienced 'are consistent with kids who have been sexually abused.'" *Id.,* 381 Pa.Superior Ct. at 144, 553 A.2d at 76. Our Court held that "testimony which matches up the behavior of known victims of child sexual abuse with that of an alleged victim can serve no other purpose than to bolster the credibility of the alleged victim, and this purpose is patently prohibited." *Id.*

Likewise, in *Commonwealth v. Ferguson,* 377 Pa.Super. 246, 546 A.2d 1249 (1988), our Court found expert testimony "that the complainant's behavior and testimony were closely aligned with that of a child sexual abuse victim" to have been reversible error. *Id.,* 377 Pa.Superior Ct. at 255, 546 A.2d at 1253. And in *Commonwealth v. Zamarripa,* 379 Pa.Super. 208, 549 A.2d 980 (1988) our Court noted that "where an expert testifies that a complainant exhibits some of the symptoms of [rape trauma] syndrome, the suggestion is planted within the jurors minds that the complainant's testimony is reliable and trustworthy." *Id.,* 379 Pa.Superior Ct. at 211–212, 549 A.2d at 981. Additionally, in *Com-*

*monwealth v. Rounds*, 518 Pa. 204, 542 A.2d 997 (1988), our Supreme Court held that a pediatrician's testimony that the "history" given to her by the victim was "the single most important factor in reaching her conclusion" that the victim had been raped, was error because it encroached upon the jury's province. *Id.*, 518 Pa. at 209, 542 A.2d at 999.

The words "fairly high reliability" uttered by the expert in the case at bar were a red flag to the trial judge. Clearly, Weller's testimony correlating responses between parents and children was irrelevant. But such testimony did not constitute reversible error because it did not, in this instance, serve to bolster the victim's credibility and did not remove the issue of credibility from the province of the jury. Therefore, we reverse the order of the trial court granting a new trial.

## McILVAINE'S APPEAL

■ Appellant raises three issues on appeal which the trial court did not address due to the court's decision to grant a new trial. *See* trial court opinion at 7. The issues should have been addressed. This Court has held that if the verdict is against the weight of the evidence, the only relief which may be granted is a new trial. However, if the evidence is insufficient to sustain the verdict, the appellant must be discharged. *Commonwealth v. Merrick*, 338 Pa. Super. 495, 502, 488 A.2d 1, 4 (1985). Since the forms of relief are different, the granting of a new trial did not excuse the trial court from addressing appellant's "sufficiency of the evidence" claims. We shall do so here.

Our standard of review is this:

In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. The credibility of witnesses and the weight to be accorded the evidence produced are matters

within the province of the trier of fact; the fact finder is free to believe all, some, or none of the evidence. *Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229–30 (1984) (citations omitted).

■ Appellant first argues that judgment should have been arrested on the IDSI count because penetration was not proven. We disagree. 18 Pa.C.S. §§ 3123 and 3101 require "some penetration however slight." The testimony of the victim that appellant opened his pants, requested that she kiss his penis, dropped his pants, got mad, and then pushed her head down until she kissed his penis is sufficiently descriptive to warrant the inference by the jury that appellant penetrated, "however slight," the mouth of the victim. *See Commonwealth v. Hornberger*, 199 Pa.Super. 174, 184 A.2d 276 (1962) and *Commonwealth v. Bowes*, 166 Pa.Super. 625, 74 A.2d 795 (1950).

■ Next, appellant argues that he is entitled to arrest of judgment on all other counts because he was forced to defend against charges which were unconstitutionally vague and indefinite. Appellant admits that the Commonwealth "particularized" the dates of some of the incidents at trial. But appellant claims he was forced to defend himself against "100 separate instances of abuse" of which he only first became aware at trial. Brief at 22.

The basis of this alleged error is a statement which arose during re-direct examination of the victim by Ms. Spiewak, the Assistant District Attorney, at pages 110–111 of the notes of testimony. In an attempt to rehabilitate her witness following cross-examination, the Assistant District Attorney asked if it would be safe to say that the instances of sexual abuse numbered more than one hundred. The victim replied "yes." Any objection appellant has to admission of this statement is waived because he made no timely objection at trial. *Commonwealth v. Shain*, 324 Pa.Super. 456, 471 A.2d 1246 (1984).

■ Finally, appellant argues that the evidence of Rape and Statutory Rape was insufficient because: 1) the vic-

tim's testimony concerning the sexual abuse was uncorroborated; and 2) the victim's psychiatrist testified that penetration did *not* occur. In a case involving statutory rape, IDSI, and corrupting the morals of a minor this Court held, "the uncorroborated testimony of the victim, if believed by the trier of fact, is sufficient to support a conviction, despite contrary evidence from defense witnesses." *Commonwealth v. Stoner*, 284 Pa.Super. 364, 369, 425 A.2d 1145, 1148 (1981). Further, as to the doctor's testimony that "[t]he medical examination revealed there had not been successful penetration," N.T. at 216, the statute requires only penetration "however slight." In *Commonwealth v. Ortiz*, 311 Pa.Super. 190, 457 A.2d 559 (1983), our Court held that "penetration of the vagina, in essence the farther reaches of the female genitalia, is not necessary to find penetration under Section 3101." *Id.*, 311 Pa.Superior Ct. at 193–94, 457 A.2d at 561; *see also Commonwealth v. Crider*, 240 Pa.Super. 403, 361 A.2d 352 (1976) (testimony of the victim alone can be sufficient to establish penetration so as to sustain a conviction of rape). Because we find no merit to any of appellant's claims, we hold that the trial court did not abuse its discretion in denying appellant's motion in arrest of judgment.

Order denying the motion in arrest of judgment affirmed. Order granting a new trial reversed. Case remanded for sentencing. Jurisdiction relinquished.

KELLY, J., files a concurring statement.

Concurring statement by KELLY, Judge:

I join that portion of the opinion which rejects the defendant's assertions on appeal. I concur in the result as to the reversal of the trial court's grant of a new trial. I believe the characterization of the limits on expert testimony is overbroad. *See Commonwealth v. Thek*, 376 Pa.Super. 390, 546 A.2d 83 (1988); *Commonwealth v. Pearsall*, 368 Pa.Super. 327, 534 A.2d 106 (1987). Nonetheless, I wholeheartedly agree that the reference in this case did not warrant the grant of a new trial.