559 A.2d 939

COMMONWEALTH of Pennsylvania

v.

David HIGBY, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 30, 1988.

Filed May 31, 1989.

620

John H. Moore, Erie, for appellant.

Brad Fowlk, Assistant District Attorney, Erie, for Com., appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

Appellant appeals a Judgment of Sentence imposed following his conviction on numerous charges stemming from

the sexual assault of two young girls. After a review of Appellant's claims, we find it necessary to vacate the sentence imposed and award Appellant a new trial. Based upon our disposition, we will not address Appellant's allegations of error pertaining to the trial court's evidentiary rulings and Appellant's request for a mistrial. However, we do find, contrary to Appellant's claim, that the trial court properly denied Appellant's motion to suppress and we rely upon the thorough discussion provided in the trial court opinion on this matter.

Initially Appellant asserts that the trial court erred in refusing his pre-trial request for discovery. Appellant filed motions for inspection of both Children's Services Records and Rape Crisis Records. Following the dictates of the United States Supreme Court's pronouncement in *Commonwealth v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), the trial court conducted an in camera inspection of the Children's Services Records. The trial court refused to grant Appellant access to these records based upon its finding that the records contained "no material evidence of an exculpatory nature which would be subject to disclosure." Trial Court Opinion at 3. Since the Supreme Court required "divulgence when a court of competent jurisdiction determines that the material for which production is sought is essential to the accused's defense," *Commonwealth v. Carillion*, 552 A.2d 279 (1988), we conclude the trial court complied with the law with respect to the Children's Services Records.

The trial court was also presented with a motion for Inspection of Rape Crisis Records. The court denied Appellant access to these records citing the confidential privilege provided under 42 Pa.C.S.A. § 5945.1(b). In his motion Appellant averred that statements made by the alleged victims to the rape crisis center were in the Commonwealth's possession. He stated that these items are discoverable pursuant to Pa.R.Crim.P. 305 and the Superior Court's decision in *Commonwealth v. Cacek*, 358 Pa.Super.

381, 517 A.2d 992 (1986). Appellant was correct. In *Cacek* this court stated:

> The statute [42 Pa.C.S.A. § 5945.1(b) ] is simply inapplicable in this matter. 'It grants sexual assault counselors a privilege ...' *Commonwealth v. Samuels*, 354 Pa.Super. [128] at 147, 511 A.2d [221] at 231 [(1986)].... Here, pursuant to Pa.R.Crim.P. 305, Appellant filed pre-trial Motion for discovery of information within the Commonwealth's possession. 42 Pa.C.S.A. § 5945.1(b) does not grant the Commonwealth a privilege to prevent disclosure of discoverable items and information requested by a defendant pursuant to Pa.R.Crim.P. 305. In denying Appellant's Motion, the trial court erred.

*Id.*, 358 Pa.Superior Ct. at 384, 517 A.2d at 994.

As in *Cacek*, the Appellant in this case has averred certain statements were made to individuals at the Rape Crisis center by the alleged victims. He also maintained that these statements are in the Commonwealth's possession. This is not a case where we must consider the trial court's ruling with regard to the issuance of a subpoena duces tecum upon a rape crisis center. *See: Commonwealth v. Wilson*, 375 Pa.Super. 580, 544 A.2d 1381 (1988). Rather, we must only determine whether Appellant has a right to examine certain statements which are within the Commonwealth's possession. Since the Commonwealth disputes Appellant's contention that the victims' statements are in its possession, we must remand this matter to the trial court to determine whether, in fact, these statements are in possession of the Commonwealth. If it is so found, then under the authority of *Commonwealth v. Cacek*, the trial court must grant Appellant's discovery request.

█ Appellant has also asked us to review the testimony of Dr. Linda Fagenholz who was offered as an expert in the area of child sexual abuse. This witness was first asked "some questions about some general characteristics that are found among children who have been sexually abused." N.T. at 150. When the doctor testified that her examination of the children revealed that they had trouble with time

sequencing, but that their stories were "very consistent and definite," defense counsel made a motion for a mistrial. N.T. at 157. The trial court instructed the jury to disregard the statement. N.T. at 159. Thereafter, the prosecutor asked hypothetical questions based upon testimony elicited by other witnesses which described the young girls specific character traits. The doctor was then asked if she had an opinion as to "whether those characteristics would be consistent with a child who has been sexually abused." Dr. Fagenholz responded affirmatively and went on to explain her reasoning. N.T. 160–164.

Appellant objects to the admission of this testimony by asserting that it constitutes an improper invasion of the province of the jury. We find that recent caselaw supports Appellant's position.

In *Commonwealth v. Gallagher*, 519 Pa. 291, 547 A.2d 355 (1988) the Court had an opportunity to consider whether an expert's testimony regarding the victim's affliction with "rape trauma syndrome" was admissible. The expert testified about a phenomenon of a "flashback" which occurs in persons who have suffered traumatic events. She further testified that she found the flashback symptom in the victim. The court remarked:

> The crux of the testimony appears to be that the victim's failure to identify the appellant two weeks after the rape is unremarkable, as she was in the acute phase of RTS [Rape Trauma Syndrome] in which a victim has difficulty performing even normal functions, and the in-court identification five years later is particularly credible, as it results from a flashback, with the mind operating like a computer. It is clear that the only purpose of the expert testimony was to *enhance the credibility* of the victim.

547 A.2d at 358.

The Supreme Court's decision in *Commonwealth v. Gallagher, Id.* was cited recently by this court in *Commonwealth v. Emge*, 381 Pa.Super. 139, 553 A.2d 74 (1988). There a psychologist was called as a witness for the Commonwealth. He testified, "in effect ... that the behavior of the

alleged victim was precisely like the behavior of a victim of child sexual abuse." *Id.* 553 A.2d at 77. Citing *Gallagher* the court found that the expert testimony denied the appellant a fair trial. Regarding the psychologist's testimony, the court commented:

> [T]he dynamics of child sexual abuse in terms of consistent patterns of behavior by children generally was never an issue in this case. Whether the changes in the child's behavior in this case were "consistent with, generally speaking, a victim of child sexual abuse" would have little probative value, on the issue of whether Robert Emge, Sr. did, in fact, commit the specific offenses for which he was charged.

*Commonwealth v. Emge*, 553 A.2d at 76.

The rationale for the exclusion of such evidence was again recognized in *Commonwealth v. Zamarripa*, 379 Pa.Super. 208, 549 A.2d 980 (1988). The court explained:

> [W]here an expert testifies that a complainant exhibits some of the symptoms of the syndrome, the suggestion is planted within the jurors minds that the complainant's testimony is reliable and trustworthy. Thus, the jury would ultimately permit its fact finding and credibility weighing-functions to become supplemented by the observations of an expert witness.

549 A.2d at 981.

As in these cases, we find the expert's testimony in the instant case to be inadmissible. The general patterns of behavior exhibited by children who have been sexually abused was not at issue in this case. The doctor's testimony that certain personality and behavior characteristics, which other witnesses said they observed in these complainants, are found in sexually abused children served only to bolster the credibility of the alleged victims. Accordingly, we conclude that it was error for the court to permit this testimony and that Appellant is entitled to a new trial.

Judgment of Sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.