603 A.2d 1021

**COMMONWEALTH of Pennsylvania**

v.

**Carl Edwin McILVAINE, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1991.

Decided March 20, 1992.

Bruce A. Antkowiak, Greensburg, for appellant.

John C. Pettit, Dist. Atty., Bradley M. Bassi, Penny A. Paxton, Asst. Dist. Attys. and Dennis M. Makel, Washington, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM:

Order of Superior Court reversed. *See Commonwealth v. Seese*, 512 Pa. 439, 517 A.2d 920 (1986).

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

McDERMOTT, J., dissents.

LARSEN, Justice, dissenting.

I strenuously dissent from the travesty of "justice" being perpetrated herein. Erroneous and blind adherence to formula is antithetical to the goals of the criminal justice system, i.e., protecting victims and society and punishing the criminal wrongdoer. In its headlong rush to exclude *any* manner of expert testimony from child sexual abuse cases, the majority is depriving juries of information that would be helpful in reaching fair and just determinations in these cases.

The issue of significance raised by this appeal is whether the testimony of a clinical psychiatric social worker pertaining to his personal observations of the correlation between the information provided by troubled youths regarding the events that led them to treatment at a psychiatric hospital and the information provided by the members of their families constituted an impermissible infringement upon the credibility determining function of the jury in a child sexual abuse case.[1] In citing *Commonwealth v. Seese*, 512 Pa.

1. Appellant, Carl Edwin McIlvaine, also raises the following issues:

439, 517 A.2d 920 (1986), to support its reversal of the Superior Court order reversing the trial court's grant of a new trial, the majority is committing a grave and needless error that will have lifelong consequences for an innocent child sexual abuse victim.

Appellant, Carl Edwin McIlvaine, was convicted by a jury in the Court of Common Pleas of Washington County of rape, involuntary deviate sexual intercourse, statutory rape, indecent assault, and corrupting the morals of a minor. His victim, the twelve year old granddaughter of a close family friend and neighbor, testified that the offensive conduct occurred during a one year period in 1985 and 1986 and involved approximately one hundred separate incidents which escalated from fondling and masturbation to oral and vaginal intercourse.

During the trial, the Commonwealth called clinical psychiatric social worker, Michael Weller, to the stand. Weller was called to testify as to the treatment he provided the victim after she was admitted to Southwood Hospital for severe depression, self-mutilation, and suicidal thoughts in December of 1986. Weller was questioned about his occupation, and he described his work with troubled children, only some of whom were the victims of sexual abuse. Within the context of outlining his role at Southwood in terms of *all* of the cases with which he dealt, Weller testified as follows:

Q   And your occupation at Southwood was—

A   My occupation at Southwood was defined as a clinical psychiatric social worker, and the specific functions of

Whether judgment on the Count of Involuntary Deviate Sexual Intercourse should have been arrested where the evidence showed an offensive touching without proof of penetration.
Whether judgment on all Counts should have been arrested because of the unconstitutionally vague nature of the charges.
Whether judgment on all Counts should have been arrested for the reason that the verdict was not supported by the evidence.
Brief for Appellant at 3. I would find that these issues lack merit on the basis of the opinion authored by Superior Court Judge James E. Rowley, *Commonwealth v. McIlvaine,* 385 Pa.Super. 38, 560 A.2d 155 (1989).

that job, as Doctor Ross had mentioned earlier, at the point of admission, I begin interviewing the family for past history, first starting with presenting problems, with the things that have led them and the child in coming to the hospital, and also looking at any past episodes, experiences or traumas that the child may have gone through. Part of that work is to interview extensively the family, and also the child, to pick up and see if there are any discrepancies in terms of what either of them are saying, and also to determine reliability of the information that's being provided to me. So, as a part of that function, in addition to getting the history from the family, I also talk to the child to either confirm or deny what the adults are telling me, and I have found, within the practice, at least the children I'm working with right now, have a *fairly high reliability of the information—*

[Defense Counsel]: Objection.

Reproduced Record at 241–42 (emphasis added).

The trial court refused to grant an immediate request for mistrial on the basis of Weller's statement regarding the "fairly high reliability of the information" provided to him by the children he interviewed. The trial court did, however grant appellant a new trial upon consideration of this issue following the filing of post-trial motions. The Commonwealth appealed, and the Superior Court reversed, finding that Weller had made no judgment of credibility with respect to "the class of people of which the particular witness is a member." *Commonwealth v. Seese, supra,* 512 Pa. at 443–44, 517 A.2d at 922.

Superior Court further stated:

Weller testified that he interviews the families of Southwood patients for: 1) events which led the child to the hospital; and 2) "any past episodes, experiences or traumas." He then interviews the children to confirm or deny what the adults have said. In stating that there is a high correlation of reliability between what the children

and adults have said, Weller merely noted that the reasons for why a child entered the hospital tend to match. 385 Pa.Super. at 43–44, 560 A.2d at 158.

Superior Court has correctly interpreted the statement made by Weller. He was not making a statement as to the credibility of child sexual abuse victims in general or of the victim in this case in particular. In *Commonwealth v. Seese, supra,* the objectionable testimony was an express statement by an expert witness that young children do not fabricate stories of sexual abuse. Weller's statement could not possibly be construed by any reasonable juror as an opinion relating to the credibility of child sexual abuse victims.

There was sufficient, credible evidence presented in this case for the jury to convict appellant of the crimes charged. I am convinced, after reviewing the entire transcript, that this brief, unsolicited, statement did not impermissibly infringe upon the credibility determining function of the jury. The majority herein, by straining to find that Weller's innocuous statement did infringe the credibility determining function of the jury, will unfortunately, be forcing the troubled young victim in this case to undergo, yet again, the agonizing humiliation of describing, in public, the depraved events that led to her six week stay at a psychiatric hospital.

Accordingly, I dissent and would affirm the order of the Superior Court.

PAPADAKOS, J., joins this dissenting opinion.