680 A.2d 1176

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Edward HERON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 18, 1996.

Filed July 15, 1996.

24

Lisa M. Andrejko, Public Defender, Montrose, for appellant.

Marion O'Malley, Assistant District Attorney, Montrose, for Com., appellee.

Before BECK, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge.

Joseph Edward Heron, a juvenile, appeals from the Order of Disposition entered on June 1, 1995 following an adjudication of delinquency after appellant was found guilty of rape,[1] involuntary deviate sexual intercourse,[2] aggravated indecent assault[3] and indecent assault.[4] Pursuant to the Order, appellant was placed under the "intensive supervision of the Susquehanna County Juvenile Probation Department" subject to the following terms and conditions: 1) appellant shall have no contact with children under the age of 14 years old without appropriate adult supervision; 2) appellant shall have no contact with the victim or her family; 3) appellant shall be responsible for making restitution for counseling to the victim; 4) appellant's parents shall also be responsible for restitution;

1. 18 Pa.C.S. § 3121.
2. *Id.*, § 3123.
3. *Id.*, § 3125.
4. *Id.*, § 3126.

5) appellant shall be responsible for court costs relating to this matter; 6) appellant shall receive individual and family counseling; 7) appellant shall complete 25 hours of community service; and 8) appellant shall not miss more than three days of school for the remaining (1995–1996) school year. See Order, 6/1/95.

In addition to the appeal, we have before us an amended petition for leave to withdraw as counsel filed by appellant's counsel, Lisa M. Andrejko. By Opinion filed April 23, 1996, we found counsel's original petition defective for failing to allege frivolity, for failing to advise appellant of his right to proceed pro se and for failing to notify appellant directly of counsel's request to withdraw. *Commonwealth v. Heron*, 449 Pa.Super. 684, 674 A.2d 1138 (1996). Based upon these deficiencies we directed counsel to file an amended petition within thirty (30) days. Counsel has now done so.

Having reviewed counsel's amended petition to withdraw, we find that she has now complied with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Further, our independent study of the record indicates that appellant's appeal is wholly frivolous and, therefore, we grant counsel's request to withdraw. Our conclusion that the appeal is wholly frivolous also compels us to affirm the June 1, 1995 Order of Disposition.

In her *Anders* brief, counsel has complied with the requirement imposed by *Commonwealth v. Thomas*, 354 Pa.Super. 87, 89–91, 511 A.2d 200, 201 (1986), that she "flag" possible issues worthy of appellate review. Counsel has raised the sufficiency of the evidence supporting the trial court's Order of Disposition. Our Court's standard of review for "sufficiency of the evidence" claims views the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth as verdict winner. The test is whether the evidence, viewed in this light, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. McIlvaine*, 385 Pa.Super. 38, 560 A.2d 155 (1989).

The credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact, who is free to believe all, some or none of the evidence. *Commonwealth v. Yetsick,* 402 Pa.Super. 615, 587 A.2d 788 (1991).

The evidence in the instant case was presented solely through the testimony of the victim, a police detective investigating the case, a children and youth services caseworker and a nurse practitioner. Our review of this testimony, as apparently believed by the trial court as finder of fact, indicates beyond a reasonable doubt that appellant committed the crimes underlying the Order of Disposition. Thus, the evidence was sufficient to sustain the Order and a challenge to the sufficiency of the evidence would be, as counsel claims, wholly frivolous.

Based on the foregoing, counsel's amended petition for leave to withdraw as counsel is granted.

Order of Disposition affirmed.