603 A.2d 608

COMMONWEALTH of Pennsylvania

v.

William EVANS, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 17, 1991.

Filed Feb. 19, 1992.

Frank J. Madey, Asst. Public Defender, Allentown, for appellant.

Jacquelyn C. Paradis, Asst. Dist. Atty., Allentown, for Com., appellee.

Before CAVANAUGH, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence for rape,[1] involuntary deviate sexual intercourse,[2] incest,[3] and terroristic threats.[4] Appellant contends that the trial court erred in allowing expert testimony about Child Sexual Abuse Accommodation Syndrome. After reviewing the record, the parties' briefs and arguments, we are compelled to vacate the judgment of sentence and remand the matter for a new trial.

In October, 1986, appellant was arrested and charged with various offenses allegedly involving sexual acts with his step-child and his own two children. On September 18, 1987, following a jury trial, he was convicted of rape (three counts), involuntary deviate sexual intercourse (three counts), incest (two counts), and terroristic threats (three counts). Appellant's motion for a new trial was denied on January 25, 1991, and on March 21, 1991, appellant was sentenced to a period of incarceration of not-less-than-fifty-five-years-nor-more-than-one-hundred-ten-years in a state correctional facility. This timely appeal followed.

This case arose out of incidents that are alleged to have occurred in appellant's home from June 1982 to August 1983.[5] The Commonwealth presented the testimony of three children, ages thirteen, ten, and seven, indicating that they had been sexually abused by appellant during the period in question. On cross-examination, appellant's counsel revealed several inconsistencies in the children's testimo-

1. 18 Pa.C.S.A. § 3121.
2. 18 Pa.C.S.A. § 3123.
3. 18 Pa.C.S.A. § 4302.
4. 18 Pa.C.S.A. § 2706.
5. Appellant was previously charged with and convicted of the commission of related crimes in another county. However, that conviction was overturned by this court for reasons identical to those stated herein. (No. 00158 PHL 91, filed January 7, 1992).

ny and the fact that there was a delay of nearly four years before the disclosure of the incidents of abuse.[6]

■ Appellant presents two issues for our review. In his first issue, appellant contends that the trial court erred in allowing the expert testimony of Detective Carol Bennis of the Allentown Police Department, who testified as to a general definition of the stages of Child Sexual Abuse Accommodation Syndrome.[7]

Detective Bennis of the Allentown Police Department's Child Sexual Abuse division testified on behalf of the Commonwealth. Over appellant's objection, the trial court qualified her as an expert in the area of child sexual abuse. Detective Bennis's testimony in her capacity as an expert included a description of the five stages that constitute Child Sexual Abuse Accommodation Syndrome. These stages include (1) secrecy, (2) helplessness, (3) entrapment and accommodation, (4) delayed conflicting unconvincing testimony, and (5) retraction. N.T., September 17, 1987, at 61–68. Detective Bennis testified that these stages were defined by Dr. Roland Summit, an associate professor of psychiatry at UCLA Medical Center. In her description of the secrecy stage, the detective explained that disclosure of the abuse often does not occur until the child is an adolescent. *Id.*, at 74. Furthermore, she acknowledged that

6. The eldest child disclosed the abuse in August of 1986. N.T., September 16, 1987, at 86. Similarly, the other two children did not report the abuse until foster parents with whom they were placed discovered unusual behavior which prompted them to suspect that the children had been abused.

7. The Commonwealth contends that this issue has been waived because it was not specifically raised in written post-trial motions and because it was based upon a theory different from that which was presented to the court below. We disagree.

In appellant's motion for a new trial, he claimed that "the Court erred in allowing Detective Sgt. Carol Bennis testify as an expert on the Child Sexual Abuse Accommodation Syndrome." Motion for New Trial, 9/25/87, at 2. At trial, appellant objected to the testimony of Detective Bennis on the grounds that she was not qualified as an expert and that her testimony was improper under *Commonwealth v. Gallagher.* N.T., 9/17/87, at 56–57. We find that these assertions sufficiently preserved for our review the issue of the propriety of the trial court's allowance of the detective's testimony.

when a young child reports the abuse, it may be as a result of a change in that child's lifestyle or circumstances. *Id.*

Detective Bennis also testified regarding the signs she had been trained to look for in a child who is a victim of sexual abuse. These signs include sexually acting out, unusual fears, nightmares, failing in school or sometimes doing excessively well, poor socialization, and suicidal behavior. *Id.* at 58–60. The detective then testified as to her observations of the children during the investigation of the case. According to the detective, during interviews of the three children, one child stuttered, another crawled under the table, and the third child seemed very depressed. *Id.* at 76–78. It is this testimony regarding the Child Sexual Abuse Accommodation Syndrome and Detective Bennis's observations of the children that appellant contends the trial court improperly allowed. We agree.

■ "[A]dmission or exclusion of expert testimony is within the sound discretion of the trial court . . . [and] will not be reversed absent a clear abuse of discretion." *Commonwealth v. McNeely,* 368 Pa.Super. 517, 520, 534 A.2d 778, 779 (1987). Furthermore, it is well-established that an expert witness may not offer testimony which concerns the issue of a witness' credibility because that testimony improperly encroaches upon the jury's function. *Kozack v. Struth,* 515 Pa. 554, 562, 531 A.2d 420, 424 (1987); *Commonwealth v. Seese,* 512 Pa. 439, 443, 517 A.2d 920, 922 (1986); *Commonwealth v. O'Searo,* 466 Pa. 224, 229, 352 A.2d 30, 32 (1976).

The trial court relied on *Commonwealth v. Baldwin,* 348 Pa.Super. 368, 502 A.2d 253 (1985) to permit the testimony at issue. *Baldwin* held that behavioral and psychological characteristics of child sexual abuse victims are proper subjects for expert testimony. Specifically, this court in *Baldwin* approved the admission of testimony regarding the effects of an incestuous relationship on a victim's self-esteem, the psychological forces which cause the victim to keep the incest a secret for a long time, and the reason that victims are often unable to recall exact dates or times or

describe specific incidents in detail. *Id.*, 348 Pa.Superior Ct. at 373–74, 502 A.2d at 255–56. The *Baldwin* court reasoned that the reaction and behavior of a victim are not matters of common knowledge and experience, and that expert testimony on such subjects did not encroach upon the jury's function so long as the expert did not render an opinion on the accuracy of the victim's testimony. *Id.*, 348 Pa.Superior Ct. at 376–77, 502 A.2d at 257.

The *Baldwin* holding has been increasingly eroded by subsequent opinions of this court and our Supreme Court, both of which have disapproved of the use of expert testimony that presumes to pass directly on the veracity of witnesses. In *Commonwealth v. Seese,* 512 Pa. 439, 517 A.2d 920 (1986) and again in *Commonwealth v. Davis,* 518 Pa. 77, 541 A.2d 315 (1988), our Supreme Court held that it was error for the trial court to admit expert testimony that young children usually do not fabricate stories of sexual abuse, because such testimony encroached upon the province of the jury. Relying on the rationale of *Seese,* the Supreme Court later held that testimony about a related syndrome, rape trauma syndrome (RTS), was impermissible where the psychiatrist testified that the rape victim suffered from RTS and the evidence was offered to "downplay the victim's repeated failures to identify appellant within weeks of the crimes and bolster her identification after four years." *Commonwealth v. Gallagher,* 519 Pa. 291, 293, 547 A.2d 355, 356 (1988).

This court further extended the *Seese, Davis,* and *Gallagher* holdings in a number of cases. First, in *Commonwealth v. Emge,* 381 Pa.Super. 139, 553 A.2d 74 (1988), a three-member panel of this court held that "testimony which matches up the behavior of known victims of child sexual abuse with that of an alleged victim can serve no purpose other than to bolster the credibility of the alleged victim, and this purpose is patently prohibited." *Id.*, 381 Pa.Superior Ct. at 144, 533 A.2d at 76 (citing *Commonwealth v. Rounds,* 518 Pa. 204, 207 n. 4, 542 A.2d 997, 999 n. 4 (1988), *Davis, supra,* and *Seese, supra* ). The *Emge* court found "no distinction between expert testimony as to

what a sex abuse victim might say and testimony . . . as to how an abuse victim might behave." 381 Pa.Super. at 145, 553 A.2d at 76.

Subsequently, in *Commonwealth v. Dunkle,* 385 Pa.Super. 317, 561 A.2d 5 (1989), *aff'd in part, rev'd in part,* —— Pa. ——, 602 A.2d 830 (1992), this court held that the trial court improperly admitted expert testimony concerning the dynamics of interfamily sexual abuse and behavior patterns of the child-victim. *Id.,* 385 Pa.Superior Ct. at 324–25, 561 A.2d at 8–9. In *Dunkle,* the court determined that the victim delayed reporting the incident and failed to recall certain details of the incident. The expert testimony offered to explain these deficiencies was found only to improperly bolster her credibility. *Id.*

Thereafter, a majority of this court, sitting *en banc,* held that "expert testimony regarding the behavior patterns of the victims of child sexual abuse is inadmissible when offered to explain the conduct of the witness/victim in a case, as it tends to bolster the victim's testimony and so withdraw the issue of witness credibility from the jury." *Commonwealth v. Garcia,* 403 Pa.Super. 280, 290, 588 A.2d 951, 956 (1991). In so holding, the court overruled our decisions in *Commonwealth v. Pearsall,* 368 Pa.Super. 327, 534 A.2d 106 (1987) (expert opinion regarding general behavior and psychological characteristics of child sexual abuse victims is permitted providing expert does not directly opine as to victim's veracity), *appeal denied,* 524 Pa. 596, 568 A.2d 1246 (1989); *Commonwealth v. Thek,* 376 Pa.Super. 390, 546 A.2d 83 (1988) (only expert testimony regarding victim's credibility should be prohibited); and *Commonwealth v. Cepull,* 390 Pa.Super. 167, 568 A.2d 247 (1990) (generally allowing testimony as to Rape Trauma Syndrome in *dicta* ), *appeal denied,* 525 Pa. 624, 578 A.2d 411 (1990). *Garcia, supra,* 403 Pa.Super. at 289 n. 9, 588 A.2d at 955 n. 9. The majority rejected any distinction between the admission of expert testimony outlining a victim profile and diagnosing the victim as qualifying as a member of the

profile. *Id.,* 403 Pa.Superior Ct. at 288–89 n. 7, 588 A.2d at 955 n. 7.

Most recently, the Supreme Court in *Commonwealth v. Dunkle,* —— Pa. ——, 602 A.2d 830 (1992) [*Dunkle II*] addressed the issue presented here. Relying on numerous treatises on the subject of child sexual abuse, the court reasoned that the behavior patterns frequently associated with Child Sexual Abuse Accommodation Syndrome are not necessarily unique to sexually abused children, but are also "common to children whose parents divorce and to psychologically abused children." *Id.,* —— Pa. at ——, 602 A.2d 830. The court then determined that "the testimony about the uniformity of behaviors exhibited by sexually abused children is not 'sufficiently established to have gained general acceptance in the particular field in which it belongs.' " *Id.,* —— Pa. at ——, 602 A.2d 830 (citing *Commonwealth v. Nazarovitch,* 496 Pa. 97, 101, 436 A.2d 170, 172 (1981)). Thus, the court held that "[p]ermitting an expert to testify about an unsupportable behavioral profile and then introducing testimony to show that the witness acted in conformance with such a profile is an erroneous method of obtaining a conviction." *Id.,* —— Pa. at ——, 602 A.2d 830. In addition, the court held that the trial court erred in permitting an expert to explain why sexually abused children may not recall certain details of the assault and why they may delay reporting the incident. Such explanations, the court determined, "are easily understood by lay people and do not require expert analysis." *Id.,* —— Pa. at ——, 602 A.2d 830.

Here, we find that the testimony of Detective Bennis was offered to bolster the victims'/witnesses' credibility and is, therefore, impermissible under *Dunkle II and Garcia.* As in *Garcia,* the victims delayed in reporting the offense and were inconsistent as to other details. 403 Pa.Super. at 288, 588 A.2d at 954. Throughout the trial, defense counsel pointed out that the children did not immediately report the abuse. Although the Commonwealth asserts that the detective never expressed an opinion regarding whether or not she believed the children were telling the truth nor did she render an opinion that, because certain factors were present, the children must have been abused, we can find

that such testimony was offered only to account for the above deficiencies. In addition, the detective indirectly compared the victims' behavior with that of known victims of child sexual abuse. *See Dunkle II, supra.*

Thus, in accordance with the above-cited case law, we must find Detective Bennis's testimony was proffered solely to enhance the witnesses' credibility, an impermissible purpose. Consequently, we are constrained to follow *Dunkle II,* and must vacate judgment of sentence and remand for a new trial.[8]

Judgment of sentence vacated. New trial granted. Jurisdiction relinquished.

FORD ELLIOTT, J., files a dissenting statement.

FORD ELLIOTT, Judge, dissenting:

As the majority very properly decides, the use of expert testimony on the dynamics of the Sexual Abuse Accommodation Syndrome has been rendered wholly inadmissible in this Commonwealth by the recent decision of our supreme court in *Commonwealth v. Dunkle,* —— Pa. ——, 602 A.2d 830 (1992). Therefore, I agree that based on *Dunkle* an error occurred below. However, having carefully reviewed all of the evidence and testimony presented to the jury in this case, I would find any error to be harmless. The evidence of guilt against appellant including the testimony of the two older children and the other lay witnesses, was overwhelming. In determining that expert testimony on sexual abuse is inadmissible in *Dunkle,* Justice Cappy relied upon the common sense of all jurors to know that children may delay in reporting abuse and also omit details and contradict themselves and, therefore, such expert testimony is unnecessary. In reviewing the record herein, I would agree that such testimony was unnecessary and merely cumulative. Therefore, it seems to me to be wholly unnecessary, and perhaps the real injustice in this case, to subject

8. Because of our disposition of the first issue, we need not reach appellant's remaining contention.

these three children to a retrial and a reliving of the terror and violence which has already affected a significant part of their young lives. Can it be doubted since the trial of this case occurred almost five years ago, that the memories of both the children and the other witnesses as to details and dates has been eroded further by time.