## Peters v. Robinson

C.P. of Perry County, no. 651 of 1991.

*William Douglas,* for plaintiff.
*John F. Yannick,* for defendant.

QUIGLEY, *P.J.,* January 13, 1995—This memorandum addresses plaintiff's motion in limine to preclude defendant's expert witness testimony. Defendant wishes to call Robert G. Pachella, Ph.D. as an expert in human learning and memory. Dr. Pachella would testify regarding memory as outlined in his preliminary opinion and supplemental report. Plaintiff seeks to preclude Dr. Pachella's opinion testimony on the basis that "[i]t is an encroachment upon the province of the jury to permit [the] admission of expert opinion testimony on the issue of a witness' credibility." *Commonwealth v. Seese,* 512 Pa. 439, 443, 517 A.2d 920, 922 (1986). For the reasons listed below this motion is granted.

The fundamental issue present is whether expert testimony concerning memory will improperly sway the jury as to the issue of the plaintiff's credibility. As the Supreme Court pointed out in *Seese,* a witness' credibility is solely within the "province of the jury." *Id.* Here, the sole issue remaining for trial is the identity of the white truck or van which negligently caused the accident. Plaintiff's testimony concerns the identity of the white van or truck, and it is apparent that her testimony has not been consistent throughout the preliminary stages of this matter. Defendant argues that Dr. Pachella will not be commenting at all on the credibility of the plaintiff, but his testimony is merely offered in an attempt to explain how human memory works and how the plaintiff would be mistaken in her identification of the defendant's vehicle. This court finds that this distinction does not remove Dr. Pachella's expert testimony from the province of judging the witness' credibility.

By analogy, defendant argues that Dr. Pachella's testimony should not be precluded because experts have been allowed to present generalized testimony about rape trauma syndrome without improperly encroaching on the jury's function of determining credibility. *Commonwealth v. Cepull,* 390 Pa. Super. 167, 568 A.2d 247 (1990). However, *Cepull* is no longer valid law as it was overruled. See *Commonwealth v. Garcia,* 403 Pa. Super. 280, 588 A.2d 951 (1991); *Commonwealth v. Evans,* 412 Pa. Super. 332, 603 A.2d 608 (1992). The court in *Garcia* held that "expert testimony regarding the behavior patterns of the victims of child sexual abuse is inadmissible when offered to explain the conduct of the witness/victim in a case, as it tends to bolster the victim's testimony and so withdraw the issue of witness credibility from the jury." *Id.* at 290, 588 A.2d at 956.

Applying this reasoning to the case at hand, expert testimony regarding memory is inadmissible when offered to explain how the plaintiff could be mistaken in her identification of the defendant's vehicle because it tends to discredit the victim's testimony and so withdraws the issue of witness credibility from the jury. Essentially, this court finds that *Seese* and *Garcia* are controlling in the present situation. Plaintiff's motion in limine to preclude the expert testimony of Dr. Pachella is therefore granted.

## ORDER

And now, January 13, 1995, plaintiff's motion in limine to preclude the testimony of Dr. Pachella is granted and the testimony excluded.